**STATE of Missouri, Respondent,**

v.

**Robert HERSEY, Appellant.**

**No. ED 80307.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 23, 2002.

Craig A. Johnston, Asst. Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before GARY M. GAERTNER, P.J. and PAUL J. SIMON and CLIFFORD H. AHRENS, JJ.

## ORDER

PER CURIAM.

Robert Hersey, appellant, appeals his sentence for second degree assault of a law enforcement officer entered on the jury's verdict. On appeal, appellant contends that the trial court: (1) erred by sustaining the prosecutor's objection to appellant's closing argument concerning the state's failure to call Deputy Sheriff Corbett (Corbett) as a witness because this was a proper adverse inference argument and the sustaining of the objection deprived appellant of his right to due process and a fair and impartial trial as guaranteed by the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 and 18(a) of the Missouri Constitution and resulted in a manifest injustice because appellant was not able to fully argue his defense; and (2) abused its discretion in allowing the state to introduce Sabrina Lampkin's written statement into evidence and in allowing the state to cross-examine Lampkin about that written statement, over appellant's objections, because this statement was hearsay and did not fall within the purview of Section 491.074, which requires that the statement be "inconsistent" with the witness' testimony at trial, and such an abuse of discretion violated his right to due process and a fair trial as guaranteed by the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 and 18(a) of the Missouri Constitution.

We have reviewed the briefs of the parties, the legal file and the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).